May it please the court, counsel. My name is Michael Kennedy and I speak for Marcy Benvin, the petitioner. Happy St. Patrick's Day, Mr. Kennedy. Thank you, sir. The district court in this case committed clear error when it conditioned the dismissal of 49 counts in a 50 count indictment on, one, obtaining consent from the alleged victims, and two, setting up a procedure by which the executive branch would have to come forward and prove to the court's satisfaction that the counts could not be sustained. Clear error was committed. Now the historic and central function of mandamus is to make certain that the district court is confined to the lawful exercise of its authority. And in this case, mandamus is appropriate for a number of reasons. What relief are you seeking exactly? What relief are you seeking exactly? An order that would instruct the district court that it cannot condition those counts. As to what? As to the plea? As to the plea agreement? As to what? As to a plea agreement, either under the general rule, Rule 11, or the specific rule, Rule 48. So are you asking us to order him to accept the plea, or to the plea agreement, or both? No. The procedure which I would be asking for is for the order that he cannot do A or B as I set forward, reassignment on remand, a plea to count 45 would be entered. The court then would go through the normal process, consider the plea agreement. You basically just want this reassignment to a different judge. That is part of what I would like. Well, what would the mandamus order read like? The mandamus order would read that, first, the district court cannot, without violating the separation of powers, condition the executive branch's dismissal of the counts upon containing consent of the alleged victims, or, two, the district court cannot require the U.S. Attorney's Office to prove to the satisfaction of the court that difficulty exists in proving each of those counts. Suppose we issue that order, and either this judge or we reassign to another judge said, all right, I'm not going to do any of that stuff. I'm just rejecting the plea agreement. I don't think it's in the interest of the public, because there's too little – this person did a lot more things, and I don't just want – and one count's just not enough. I'm not conditioning anything on anything. I'm just saying you can't have this plea agreement with just one count. Then Ms. Benven would be in a position where she could persist in her plea to count 45, which have a five-year statutory cap. The executive branch comes forward and dismisses counts 1 through 44. Well, but presumably there's no promise to do that. You're just taking your chances at that point, because you know there really will. Is that what you're saying? I think that that was the situation in In re Vazquez-Ramirez, which this court issued the order, granting the petition. Well, but the difference there was that they were pleading to an alternative charge for the same event, so there was really only one possible – you couldn't have both a murder charge and a second-degree murder charge for the same thing, right? That was the situation in In re Ellis, and the court wanted him to proceed on a first-degree murder. In that case, interestingly enough, second-degree murder could go up to life imprisonment, so the court had the same sentencing discretion. In Vazquez-Ramirez, it was a 20-year statutory cap for the 1326a. They were allowing him to plead to a 30-month cap. But there were essentially a lesser-included offense in both instances. Here you have another 49 independent charges, right? So the government could continue with the other 49. You're just, you know, believe in good faith they won't, right? Correct. Because I don't believe they've negotiated in bad faith in both instances. So then what we're doing is we're kind of approving secret deals, which the whole point of Rule 11 was not to do. No. I believe that in Rule 11 what we're proceeding with is the judge should look at the law, and Rule 48 gives the situations where the court should grant dismissal. There is no case where the consent of the Petitioner or the Defendant that the court has ever allowed a judge to not dismiss those counts. So in this case, if Garcia v. Weyler. So, Mr. Kennedy, I still don't understand what it is that you want our mandamus order to look like. Now, when we asked you that question just a minute ago, you began by telling us that you wanted us to tell the district judge they can't condition the executive branch's dismissal on blah, blah, blah, blah, and then, you know, and that looks more like, from our perspective, what we would write in an opinion, not what we would write in an order. An order is usually very direct. It doesn't say you did a lot of things wrong. That's usually what we put in the opinion. But the order is what we tell the district judge to do. So what is it that you want us to tell the district judge to do? Do you just want us to tell him what he can't do, or are we supposed to tell him to accept the guilty plea? Are we supposed to tell him to accept the plea agreement, and are we supposed to tell him that he must accept the U.S. attorney's dismissal of the remaining counts? The court should instruct the district court, whomever it is, to accept the guilty plea when the requirements of Rule 11 are satisfied, which is the Vasquez-Ramirez case, which this district court judge says no. In Exhibit A, he said you would be satisfied if we just simply ordered the judge to accept a guilty plea. Accept the guilty plea, and then the order should also show what he is not allowed to do under the law, which is condition the dismissal on the consent of victims, or condition the dismissal on some evidentiary hearing by the U.S. attorney's office to prove that the dismissal is warranted. The court should then follow Rule 48 in exercising its Rule 11 discretion. And what happens when the plea agreement is just gone? At that point, the judge would be at the plea would be the statutory maximum is 60 months. It can't order the parties to proceed to trial. It would grant the dismissal. And then we would the court always had the ability to consider restitution. You can't bind the court as to the final determination. We've come to an agreement that restitution is $260,000. We believe that that's proper under the statute. Now, is that binding on the bankruptcy court? We understand that there's a considerable fund which may be available through the bankruptcy court. No, it would not be binding on the bankruptcy court. The bankruptcy proceedings proceeded long before I got into the case, Your Honor. There is a $3 million judgment there. The bankruptcy court can proceed. Are the same victims' claimants under the bankruptcy? Yes. We had in Exhibit D, the legal representative for the trustee made a proffer to the court that that was the situation. So those alleged victims have every right to pursue remedies in the bankruptcy court. If the district judge accepted the guilty plea to Count 45, then the restitution that the district judge could order, even in the absence of a guilty plea, would be confined to whatever the damages were for Count 45. Is that correct? Yes. Which you believe are around $260,000. Yes, we've agreed to that. Does that money come out of the bankruptcy fund? No. Most likely, that money would be collected during the period of supervised release of three years, independently by the- It comes from other funds she has? From future earnings? Because at the time of the bankruptcy, she turned over all the assets at that time that she had to the bankruptcy trustee. The restitution amount must be paid dollar for dollar, is that correct? Up to a certain point, Your Honor, and then it turns into a civil judgment for 20 years after the end of supervised release. So there would be essentially two different judgments for the same money. We're going to hear from the government in a moment. Are you and the government in exactly the same position in terms of the relief you're seeking? I believe so, yes. And the theory? There's no difference in the theory either? I don't believe there's any difference. They agree that the petition should be granted. We both seek reassignment. They have an alternative basis that I'll save the remaining time for any questions. We'll give you the minute back. But I want to ask just a conceptual question, which is what confuses me. Rule 11 certainly provides that a district judge can review and reject a plea agreement, including a charge plea agreement, right? Yes. And then you have Rule 48. Yes. As to which there's very limited circumstances, but there are some things, there's some language about, you know, when it's clearly against the public interest or something like that. Are they parallel, or can a district judge reject a charge agreement on grounds like, I mean, let's not, I mean, here he was trying to get in the middle of things. But suppose he simply said, as I said before, this just isn't good enough for me. This person did, you know, a lot, did so many different frauds. You're only prosecuting from what I'm sorry, I'm not agreeing to this plea agreement. Do you apply Rule 48 standards to that, or is there much more discretion at that point? Your Honor, the conceptual framework, as I understand it, is this. Rule 11 is the general statute that provides no standards. Rule 48 is the specific rule that requires what the court is to do when there's a motion to dismiss. So they're interrelated. And this court's case in Miller went in to describe how that relationship exists. So the court has no independent other authority under Rule 11 to just do whatever it wants under 11a, the charge. It has to look at Rule 48 more. But certainly, I mean, Ellis, for example, Ellis and his progeny, I mean, were very concerned about whether it was the plea or the plea agreement we were talking about, because if it was the plea agreement, they seemed to think that there would be a lot more authority in the district judge. to reject even the charging part of it. I think the difference lies in the difference between 111a and 111c. I'm talking about a rule under a typical C agreement. The parties say, hey, the sentence should be 10 years, just to take a hypothetical. That is the primary authority of the judge. No, but Ellis was a charging case and Vasquez was a charging case. And so in Miller and other Ninth Circuit cases, they've said when you're looking at charge-based agreements, those are the executive branches' bailiwick to decide. Judge Posner spoke about it in the In Re United States case that I cited in the petition. And this court has cited that there's very limited basis under Rule 11. It doesn't place the district court judge somehow above and beyond what his or her consideration could be under Rule 48. Rule 48's primary concern was harassing the defendant, giving the defendant rights. And so it's only a limited basis that the executive branch has to come in and show they're not acting in bad faith or so manifest against the public interest. Thank you, Counsel. Thank you. We'll hear from the government. Good morning. May it please the Court. Good morning, Counsel. Elizabeth White for the United States. This is a confusing case, and I think the question, what exactly should the mandamus order say, is a difficult one because of the procedural posture that we're in here. You know, what the district court said is, I'm not going to let the government dismiss these other counts unless it either gets the victim's consent or proves to me that it can't prove these counts beyond a reasonable doubt. And I think that we all, I mean, I think it's pretty clear from the case law that the court does not have that authority. But that hasn't happened yet, right? I mean, the government hasn't made a motion to dismiss the counts that the judge has denied. And so if this mandamus order, if all this mandamus order said, which is the only question, like, that is precisely right now, which is the judge needs to take this Is that the question or is the question whether he needs to accept the plea agreement? I mean, what did he do? Did he really? I mean, I think he thought he was rejecting the plea agreement, not that he was rejecting a plea. Yeah. Well, I think that there was so much confusion. I mean, first of all, the judge didn't think that the attempt to plead guilty to count 45, I mean, he just didn't accept that that was an unconditional guilty plea, because in his mind, unless she was going to plead guilty to all 50 counts, it wasn't an unconditional guilty plea. And that just misconstrues what the difference is between them. Well, I thought he thought it wasn't an unconditional guilty plea because, as any plea, she could withdraw it if he didn't accept. Yes. Did she ever offer to plea guilty without regard to whether he accepted the plea agreement? They were getting there. They tried to. And then he said, all right, the hearing is over. In the first hearing, I mean, you know, at first I was wondering if this mandamus was premature because there hasn't actually been a motion to dismiss these counts that the judge has denied. Well, do we have an order? Do we have an order from the judge? Well, what the judge said is, I am not going to do this is, let's see. Is this just in the transcript or is there a separate? No, it's just in the transcript. He said, I can't stop. Give me a cite to the transcript. Yes. It's actually, it's page 106 of the mandamus petition exhibit. It's the last exhibit. Is this the November? The November, page 21 of the November transcript. He said, I caution you here. I will not permit the government to dismiss the other counts, even upon conviction, presumably of count 45, without a showing of one of two things. One, either consent by the victim listed in the indictment, or if they're not willing to consent, a showing by the government satisfactory to me that they would have difficulty proving that count in the indictment. Now, when, if we were to, if she were to plead guilty to count 45 and then the government at sentencing were to move to dismiss these counts and the judge were to reject that because we hadn't met these requirements that he has no authority to impose on us, then we'd be here a year from now on the government's mandamus saying you have to let us dismiss these counts. And that would be Vasquez-Ramirez. So, you know, on the one hand why is it a year from now? Why is it a month from now? Six months from now. I mean, there will be, it would be three months to do the PSR and then the scheduling. Is the government willing to accept the plea on 45 if the, if there's no plea agreement? The government has no choice. I mean, if the, if the requirements of Rule 11b are met, which is that it's knowing and voluntary and there's a factual basis, and this defendant wants to say I plead guilty, neither the judge nor the court. But the district court never said those conditions existed, or that they did. Well, he went, at the first hearing he went through, he found that she was competent to plead, talked about a factual basis, and then when they started talking about restitution, they sort of got sidetracked. At that point, the judge said I'm not going to accept the plea or the plea agreement. Mr. Kennedy said, well, actually, you know, if the requirements of 11b are met, you have to accept the plea. You can decide not to accept the plea agreement later, but you have to accept the plea. And Judge Jones said, well, if that's your position, I'm terminating this hearing right now. So. And that was it. There was no order of denying any, there was no pending motion. No. And now at that point, if the mandamus petition had been lodged with this court saying the judge has to accept the plea, you know, then I think, I mean, even though I don't know if the judge, I don't know that the judge can circumvent making the findings in Rule 11b by refusing to have a change of plea hearing. I mean, that just moves it one step forward. There's a factual basis. It's knowing and voluntary. She wants to plead guilty to this one count. Now, she wants to plead pursuant to a plea agreement where the government, where she's waived her right to appeal. She's agreed that her guideline range is going to be based on all 50 counts, you know, the relevant conduct of all 50 counts. She's waived this. We've agreed that we're going to move to dismiss the other counts. It's that simple. Kagan. But now, if she pleads, we go back, she pleads, it's accepted, and then the plea agreement is rejected, let's say, which he could do. Could he do it just simply on the ground that the government shouldn't be dropping these 49 charges, not with the conditions, but just, you know, as far as I'm concerned, this is too late a treatment of this person, and I'm not going to go along with it. I believe that he can, yes. Do you think he can without regard to Rule 48 or applying Rule 48? That is a separate question from Rule 48. Because what, when he So here you do differ from I think perhaps, but not in the end result. Because what this Court said in Vasquez-Ramirez is that if the district court rejects the plea agreement, what that means is that the parties are free from the obligations that they made. That means she can appeal. She doesn't have to agree at sentencing. We can fight about what the guideline range is. We can, you know, fight about this and that. The government is no longer obligated to dismiss the counts. But then this Court went on and said, should the government indeed decide to drop the additional counts, the 1326, it may have many reasons for doing so, none of which are the district court's business. That's a quote from Vasquez-Ramirez. And what the district court is trying to do is he's trying to say, if all he had said is the government's not going to be required to dismiss these counts. But you have here an agreement, I'm not sure if it's an agreement under C or it's an agreement under B, but to a very high enhancement for all the related charges. Yes, yes. If the plea agreement was rejected, you wouldn't have that. Right. But essentially, you're both telling us that there's a tacit agreement and you'll drop the charges anyway. No, right now there's an explicit agreement. I understand that, but his understanding, the reason he's willing to go this route is he believes you're going to drop the charges anyway, which is what happened in Vasquez-Ramirez. It is, it is. And I can't speak to that, because part of it is, I mean, I don't know, is there a tacit agreement that they're going to agree to the $2.5 million enhancement at sentencing? I mean, if the plea agreement is out, all bets are off. And if the judge had just done that, the judge has authority to do that. But the judge went further and said, not only is the government not going to be required to dismiss the counts, I'm not going to let the government dismiss the counts, and that's where it overstretched the counts. I understand your position about the Rule 48 and the plea agreement approval being different, but what sense would that make? I mean, why would it make sense to have to give more authority to the judge to reject a plea agreement in which the government is dropping charges than directly dropping charges? I don't know. I don't know what sense it makes to give a judge authority to reject a C-1A plea agreement. I don't. I mean, given that this Court and the Supreme Court has said over and over and over again that absent a showing of bad faith, the Court is obligated. I mean, this Court has never even decided if a judge has discretion, and the Supreme Court hasn't even decided if the judge has any authority at all to refuse to dismiss a charge if the defendant agrees to the dismissal of the charge. Counsel, I'm still struggling with that earlier revelation that there is really no order out of this judge, and there was no pending motion, and I'm a little worried about ripeness. Is there enough on the record to sustain amendamus at this point? All he did was to cancel a hearing. Well, he canceled a hearing, and he conditioned this defendant's plea not only on the rejection of the plea agreement, but on her acquiescence or acceptance of the agreement. But he didn't do that in an order. He was — it seems to me that it's not necessarily speculative because he was identifying what his future intention would be. Yes. But there was nothing in front of him at that point. Yes. And that's — and — and — Well, there was a proffer or a plea. There was a — there was a plea. In the first hearing, he refused to take it. Right. In the second hearing, he imposed improper conditions on taking it. But wasn't there, therefore, altogether a proffered plea? Yes. With at least no finding of a inadequate 11b showing. Yes. And was it rejected, in effect? Or is — or did he just say, well, I'm going to cancel this hearing, and we'll come talk about it later? He canceled the hearing when Mr. Kennedy said that he wanted to talk to his client. He terminated the hearing. The other — you know, the other piece of this — Well, I'm just wondering, would it — in terms of the role of this Court at this stage, would it be simpler simply to reassign to a different judge? We probably have enough on the record to do that. I would suggest that as an alternative. In this case, I mean, what this Court has said is, whether inadvertent or not, if the judge involves himself in plea negotiations, reassignment is appropriate. And this Court — this judge, on the record, very clearly said, you know, why don't you just stipulate in the plea agreement to the $3 million in restitution? And he said that a couple of times. And, you know, I think what — let me just find it exactly — you know, what this Court said in Kyle is that when a judge — when a court goes beyond providing reasons for rejecting agreement and comments on the hypothetical agreements it would or would not accept, it crosses over the line established by Rule 11 and becomes involved in negotiations, whether inadvertent or not. Once that happens, reassignment, when the judge — the district judge may not indicate what it might find acceptable or unacceptable in resolving a case, that's happened here. And so in that instance — I mean, and the judge even said that the second hearing, the November hearing, was about a week after this Court's decision in Kyle. And the judge commented on the record, now, I can't get involved in plea negotiations. The Court has just reminded us of that. But why don't you just stipulate to the $3 million in restitution? And so — so whether he realized that that was crossing that line or not, you know, at this point, if this were to go back to Judge Jones, whether — whether they — whether the parties adopt that stipulation and get the plea or don't and get the plea, she would have a pretty valid appeal saying the judge impermissibly — Does the government agree with Mr. Kennedy that the victims here may have recognizable claims under the bankruptcy? There is — there is a — there's a $3 million undischargeable judgment in bankruptcy court that, from what I understand, when the representative from the trustee came and sort of explained that to the Court, the victims, many of whom, you know, these are the same, can put in a claim to that. There's no — And are there bankruptcy estate assets to support the $3 million? There are some. I don't think there are enough. And that was — that was actually discussed at one of these hearings as well. I mean, the way — the government's benefit of this plea agreement was we get the guideline range that would be applicable whether she pleaded guilty to one or 50 counts, right? And we don't have to go through 49 mini-trials to try to figure out the assets that are virtually not going to be recovered anyway. Thank you, counsel. Mr. Kennedy, do you have anything to add? Both of you have gone over your time, but this is such a fascinating case for us. We'll give you more time. The first point is I don't believe there's any principle difference between Rule 11 and Rule 48. Second, in terms of the mandamus, there are two issues, Judge O'Scanlan, I'd like to bring to your attention. In the first case, after the Rule 11 is done, what I said to the Court is you cannot conditionally accept a plea of guilty. And he said, if you're going to take that position, Mr. Kennedy, I'm terminating this hearing. You cannot? You mean you cannot refuse to? He cannot conditionally accept, once Rule 11 requirements are met, that is Vasquez-Ramirez. We have a judge who routinely says, I'm going to conditionally accept the plea. I'm not going to accept it. I said, you cannot take that position. So that terminated that hearing when I wouldn't agree to that difference in law. At the second later hearing at pages 20 and 21 of Exhibit D, once the Court set out its conditions, I said, I rise and it makes no sense to me why we have to bring in a jury, pick a jury, not give opening statements. I make a Rule 29 motion and the government doesn't put on any evidence and you refuse to dismiss the case. I said it's very disrespectful to the people that have to come in and do this. At that point is when the hearing got terminated. Because I candidly said, I don't know if Mandamus is ripe yet, but I said, I don't think I have to go through a trial before the petition is ripe. And in looking at the Baumann standard, I agree that Vasquez-Ramirez made that point, that it makes no sense for Ms. Benven to have to go through a trial. Do you agree that this needs to be reassigned? Yes. That there are grounds for reassignment at this point? Yes. I agree under Sears-Robuck in terms of the appearance of impropriety and on the Kyle decision that the judge was bargaining with me on the restitution count saying, I don't want to be the third party here, but why don't you just agree to $3 million? Why don't you do this, Mr. Kennedy? Because I have a plea agreement. And at the end of the hearing, he said, not that he wouldn't accept the plea, I will not let the government enter into a plea agreement on those terms. That's not a judge who is exercising his discretion in a manner that we should allow. And that's why mandamus is historically, and its central function is to limit a judge to the lawful exercise of their authority. And that's why not only is reassignment proper, but a writ being granted in terms of mandamus would be as well. Thank you very much. Thank you, counsel. The case just argued will be submitted for decision, and the court will adjourn.
judges: O'scannlain, Berzon, Bybee